Lahtinen, J.
*1493 Tax Law § 605 (b) (1) (B) defines a resident individual as one “who is not domiciled in this state but maintains a permanent place of abode in this state and spends in the aggregate more than [183] days of the taxable year in this state.” Petitioner, who had a home in New Jersey during the relevant years, did not dispute that for those years he was present in New York at his business for more than 183 days. Accordingly, the issue distills to whether petitioner maintained a permanent place of abode in New York pursuant to the statute (see Tax Law § 605 [b] [1] [B]; see also 20 NYCRR 105.20 [e] [1]). In making that determination, a variety of factors and circumstances may be relevant including, but not limited to, the extent to which the person challenging the assessment paid living expenses, supplied furniture in the dwelling, had a key, had free and continuous access to the dwelling, received visitors there, kept clothing and other personal belongings there, used the premises for convenient access to and from a place of employment, and maintained telephone and utility services there in his or her name, as well as whether the premises were suitable for year-round use (see e.g. Matter of Schibuk v New York State Tax Appeals Trib., 289 AD2d 718, 719-720 [2001], lv dismissed 98 NY2d 720 [2002]; Matter of Evans v Tax Appeals Trib. of State of N.Y, 199 AD2d 840, 842 [1993]; Matter of Smith v State Tax Commn., 68 AD2d 993, 994 [1979]). Petitioner had the burden of proving *1494 that the deficiency assessment was improper, and credibility determinations are within the province of the taxing authority (see Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y., 299 AD2d 751, 752 [2002]). So long as the Tribunal’s determination is supported by substantial evidence, we cannot substitute our judgment for that of the Tribunal (see e.g. Matter of Kornblum v Tax Appeals Trib. of State of N.Y., 194 AD2d 882, 883 [1993]; Matter of Smith v State Tax Commn., 68 AD2d at 994).
Petitioner testified that he purchased the Staten Island property, which was much closer to where he worked than his New Jersey home, as a place for his parents to live and as an investment. He stated that his parents lived in the first-floor apartment and that they were dependent upon him for support. He acknowledged that, during the relevant years, he was a registered voter in New York. Significantly, the Tribunal determined that petitioner, in addition to owning the building, maintained a telephone and the utilities in his own name at the apartment, paid those bills as well as all other expenses for the apartment, retained unfettered access to the apartment, occasionally slept at the apartment, failed to establish that he kept the apartment exclusively for his parents, and did not prove that he held the property solely for investment purposes. These factual findings by the Tribunal, some of which were strongly disputed by petitioner, are nonetheless supported by substantial evidence in the record, and such facts are sufficient to support the Tribunal’s determination that petitioner maintained a permanent place of abode in New York as that term has been construed and applied under the applicable statute (see Tax Law § 605 [b] [1] [B]; see e.g. Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d 808, 810 [2005]; Matter of Schibuk v New York State Tax Appeals Trib., 289 AD2d at 719-720; Matter of Evans v Tax Appeals Trib. of State of N.Y., 199 AD2d at 842; Matter of Smith v State Tax Commn., 68 AD2d at 994). Even though a contrary conclusion would have been reasonable based upon the evidence presented, we are constrained to confirm, since our review is limited and the Tribunal’s determination is amply supported by the record (see e.g. Matter ofKornblum v Tax Appeals Trib. of State of N.Y., 194 AD2d at 883).
The remaining arguments have been considered and found unavailing.
Peters, RJ., and Rose, J., concur.